SILBERMAN, Judge.
Robert G. Gallagher and Betty Pannell Franklin appeal the final judgment in favor of Dale G. Massad. We reverse the final judgment to the extent that it awarded damages arising from a 1987 loan because enforcement of that loan was barred by the statute of limitations. We affirm without comment the other issues raised by Gallagher and Franklin.
In January 1999 Massad filed a complaint against Gallagher and Franklin for money lent. He later amended the complaint to add a claim for fraud. Massad’s claims arose from a series of five loans that he made to Gallagher and Franklin, totaling $78,856. One loan was made in January 1987 in the amount of $10,000. The other loans were made in 1997 and 1998. Massad alleged that each loan was to be repaid within ninety days from the date of the loan and that Gallagher and Franklin failed to repay any of the loans.
Athough Gallagher and Franklin asserted that any claim relating to the 1987 loan was barred by the applicable statute of limitations, the trial court entered judgment in favor of Massad on all claims. As a result, Gallagher and Franklin argue that the trial court erred by awarding damages for the 1987 loan.
The 1987 loan was not based on a written instrument; therefore, any lawsuit for money lent or for fraud had to commence within four years of when the cause of action accrued. See §§ 95.031, 95.11(3)(j),(k), Fla. Stat. (1987). Based on the record before us, it appears that Mas-sad’s cause of action accrued in 1987 but he did not file suit until 1999.
In his brief, Massad properly concedes that the time for commencing a lawsuit on the 1987 loan expired prior to the time that he filed suit. Accordingly, we reverse the final judgment to the extent that it *1004 awarded $10,000 for the 1987 loan and prejudgment interest relating to that loan.[1] On remand, the trial court shall enter an amended final judgment in favor of Mas-sad omitting any award of damages arising from the 1987 loan.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and FULMER, JJ., Concur.

. We note that the final judgment contains a scrivener’s error in that it refers to the 1987 loan as being made in 1997.